**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BLUE Q, INC., a Massachusetts corporation, | Case No.: |
| Plaintiff, | 1. COPYRIGHT INFRINGEMENT |
| v. | 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT |
| KYNC DESIGN, LLC, d/b/a "Sock Atomica," a New Jersey company; and DOES 1-10, | 3. TRADEMARK INFRINGMENT |
| Defendants. | 4. VIOLATION OF 15 U.S.C. 1114 |
| | **<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Blue Q Inc. ("Blue Q"), by and through its undersigned attorneys, hereby prays to this Honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a)-(b).

3.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.      Blue Q is a corporation based in Massachusetts.

5.      Upon information and belief, Blue Q alleges that Defendant, KYNC Design, LLC ("KYNC") doing business as "Sock Atomica," is a limited liability company that is doing business in the State of New Jersey, through their location at 100 Galway Place, Teaneck, New Jersey, 07666.

6.      Upon information and belief, Blue Q alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Blue Q's copyrights, have contributed to the infringement of Blue Q's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Blue Q, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.      Upon information and belief, Blue Q alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship

and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Blue Q's rights and the damages to Blue Q proximately caused thereby.

## CLAIMS RELATED TO SUBJECT DESIGN

8.     Prior to the conduct complained of herein, Blue Q composed an original work of art, a copy of which is set forth hereinbelow ("Subject Design"). This artwork was a creation of Blue Q, and is, and at all relevant times was, owned exclusively by Blue Q.

9.     Blue Q has registered the Subject Design with the United States Copyright Office

10.    Prior to the acts complained of herein, Blue Q published the Subject Design to the public and marketed and solicited orders relevant to the Subject Design.

11.    Following this publication of the Subject Design, Blue Q's investigation revealed that Defendants were marketing and selling products bearing illegal reproductions and/or derivations of the Subject Design.

12.    Upon information and belief, Blue Q alleges that, without Blue Q's authorization, Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed products that bear artwork identical to or substantially similar to the Subject Design ("Infringing Product").

13.    Below is a comparison of the Subject Design with exemplars of the Infringing Products, which feature designs incorporating at least a portion of the unauthorized copy of the Subject Design:

| **Subject Designs** |
| --- |
| Copyright Registration: VAu 1-368-027<br><br>URL:<br><br>https://www.blueq.com/products/grumpy-old-man-m-crew-socks<br><br><br><br>  |

**Infringing Product**

URL:

https://sockatomica.com/products/grumpy-old-man?_pos=2&_psq=grumpy&_ss=e&_v=1.0



14.    The above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the designs on the items are substantially similar to the design at issue.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

15.    Blue Q repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

16.    Upon information and belief, Blue Q alleges that Defendants, and each of them, had access to the Subject Design including, without limitation, through (a) viewing Blue Q's website, as well as Blue Q's online profiles, publications, and features; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or Doe Defendants; and (c) products manufactured and sold to the public bearing products lawfully printed with the Subject Design by Blue Q for its customers.

17.    Upon information and belief, Blue Q alleges that one or more of the Defendants manufactures products and/or is a product vendor.  Blue Q is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied products to said retailers, which products infringed the Subject Design in that said products featured unauthorized print design(s) that were identical or substantially similar to the Subject Design or were illegal derivations or modifications thereof.

18.    Upon information and belief, Blue Q alleges that Defendants, and each of them, infringed Blue Q's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling products which infringe the Subject Design through a network of retail stores, catalogues, and/or through on-line websites.

19.    Due to Defendants' acts of infringement, Blue Q has suffered substantial damages to its business in an amount to be established at trial.

20.    Due to Defendants' acts of infringement, Blue Q has suffered general and special damages in an amount to be established at trial.

21.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would

not otherwise have realized but for their infringement of the Subject Design. As such, Blue Q is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Blue Q's rights in the Subject Design in an amount to be established at trial.

22.    Blue Q is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

23.    Blue Q repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

24.    Upon information and belief, Blue Q alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of products featuring the Subject Design by, *inter alia*, directing the manufacture of or selection and sourcing of materials and designs for the Infringing Product or had agreements requiring the manufacture or sourcing of certain materials or designs, with the ability and right to supervise, direct, cancel, or otherwise modify its orders for the manufacture or purchase of the Infringing Products. Blue Q is informed and believes and thereon alleges that Defendants had direct oversight or involvement in the sourcing of materials for and manufacture of the Infringing Product and thus knew, induced, caused, or materially contributed to the infringement of Blue Q's rights as alleged herein. The true and

complete extent to which Defendants were involved in a network of infringement with yet undiscovered Doe Defendants and/or direct infringers will be ascertained during discovery in this action.

25.    Upon information and belief, Blue Q alleges that each of the retailer Defendants had written agreements with the Doe Defendants who are manufacturers such that each retailer Defendant had oversight and control over the sourcing of the Subject Design affixed to the Infringing Product.

26.    Blue Q is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

27.    By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Blue Q has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

28.    Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Blue Q is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Blue Q's rights in the Subject Design, in an amount to be established at trial.

29.    Blue Q is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious.

## **THIRD CLAIM FOR RELIEF**

(Trademark Infringement - Against All Defendants, and Each)

30. Blue Q repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

31. Blue Q is the owner of the valid, distinctive mark in of the "I'm a Delicate Fucking Flower" ("Delicate Flower") that is registered with the United States Patent and Trademark Office. Blue Q has been using the Delicate Flower mark in commerce continuously since 2022 and through its promotion and publicity it has acquired secondary meaning in the lifestyle product market. The Mark is strong and well known and is entitled to a broad scope of protection. Blue Q uses the Mark as a source identifier, by including the Mark on apparel products.

32.   Below is a comparison of the Blue Q's product featuring the Delicate Flower mark with exemplars of the Infringing Products, which incorporates the Mark:

## Blue Q's Mark & Product

URL:

https://www.blueq.com/products/im-a-delicate-fucking-flower-w-crew-socks



COMPLAINT



| **Infringing Use** |
|---|
| URL: |
| https://sockatomica.com/products/im-a-delicate-f-cking-flower?srsltid=AfmBOopgrFWHeF2SprdCmrv9EyY-Mqg6o4A7IoQclsgNuTTXqjqnVRZp |
|  |

33. The Delicate Flower mark has acquired secondary meaning and consumers associate the Delicate Flower mark exclusively with Blue Q products. Blue Q uses the Delicate Flower mark in non-footwear products and had turned the mark into a line of lifestyle products, such that the Delicate Flower mark has become associated with the Blue Q brand as a source identifier. The secondary meaning acquired is evidenced by the intentional and precise copying by Defendants, the continued and extensive use of the Delicate Flower mark in Defendants

advertisements for the same products, the duration of Blue Q's continuous advertisements, sales, and manufacturing of Blue Q products featuring the iconic Delicate Flower.





34.  Defendants' use of the Infringing Mark in connection with products is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association with Blue Q, or as to the origin, sponsorship or approval of Defendants' goods and services. Defendants' use of the Delicate Flower mark has not been authorized by Blue Q. Consumers, including Defendants' customers, are likely to believe that their use of the Infringing Mark indicates an affiliation, connection, association with, and/or sponsorship or approval of Blue Q.

35.  Defendants' use of the Infringing Mark in connection with products is likely to cause both forward and reverse confusion, including without limitation, as to whether some affiliation, connection, or association between Blue Q and Defendants. The confusing similarity between the marks is furthered by Defendant's additional sales of confusingly similar products to Blue Q's other additional products shown below, strengthening the likelihood that the infringements will cause consumers to both associate Blue Q's products with Defendants and Defendants' products with Blue Q.

| Additional Blue Q Products | Additional Confusingly Similar Defendant Products |
|---|---|





36.  As a result of Defendants' infringing acts, Blue Q has been injured in an amount not yet fully determined, but believed to be in excess of $75,000, exclusive of costs and interests. In addition, as a result of Defendant's infringing acts, Blue Q has suffered and will continue to suffer irreparable harm, and it has no adequate remedy at law with respect to this injury. Unless this Court enjoins Defendants' infringing acts, Blue Q will continue to suffer a risk of irreparable harm.

37.  Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

38.  On information and belief, Defendants' infringing acts have been knowing, intentional, wanton, and willful, entitling Blue Q to treble damages, profits, attorneys fees, and costs pursuant to 15 U.S.C. § 1117.

39.  Defendants' acts have damaged and will continue to damage Blue Q, and Blue Q has no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of the Delicate Flower mark, Blue Q will suffer irreparable harm.

## FOURTH CLAIM FOR RELIEF

(Violation of 15 U.S.C.A. § 1114, Against All Defendants, Each)

40.   Blue Q incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

41.   Per 15 U.S.C.A. § 1114 any person that, without the consent of the trademark registrant, "use[s] in commerce any reproduction, counterfeit, copy... a registered mark in connection with the sale, offering for sale... or advertising of any goods... with which such use is likely to cause confusion, or to cause mistake, or deceive" consumers shall be liable in a civil action brought by the registrant. Defendant's goods offered for sale contain counterfeits of Blue Q's trademarks and are likely to cause confusion, mistake or deception on consumers.

42.   As alleged above, Defendants counterfeited Blue Q's trademarks by reproducing their protected intellectual property on goods and apparel. Defendants

then placed these goods and apparel with identical marks for sale on their e-commerce website.

43.    Similarly, and alleged above, Defendants exploited Blue Q's trademarks in the advertising of the counterfeit goods in order to confuse consumers. Defendants intentionally marked and advertised the counterfeited goods under the corresponding mark in order to deceive consumers or cause consumers to confuse or mistake the counterfeited goods with the true and authentic marks.

44.    Defendants used in commerce counterfeit or copied registered marks in connection with the sale of goods that is likely to cause confusion without the consent or authorization of Blue Q. Defendants' conduct violates 15 U.S.C.A. Section 1114.

45.    On information and belief, Defendants' use of the trademarks in connection with the sale of goods was done with the knowledge and intent to cause confusion, mistake, or to deceive consumers.

46.    Blue Q has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as alleged above. Blue Q is at present unable to ascertain the full extent of the monetary damages they have suffered by reason of said acts.

47.    15 U.S.C.A. Section 1117 provides recovery for the violation of rights of the registrant of a mark registered with the Patent and Trademark Office. Section 1117(a) provides remedies for willful violations, including recovery of (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. Subsection (b)(1) provides for treble damages if the violation consists of "intentional use of the mark, knowing such mark or designation is counterfeit mark... in connection with the sale, offering for sale..." Additionally, subsection (c) provides a remedy for statutory damages in connection to the sale of counterfeit marks in the amount of (1) "not less than $1,000 or more than $200,000 per

counterfeit mark per type of goods or services sold, offered for sale... as the court considers just; or (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just."

48.    Defendants' use of the counterfeit marks was willful, and with the knowledge and intent to confuse, mistake and/or deceive consumers into purchasing the knock-off goods.

49.    Blue Q has been injured and will continue to suffer injury because of Defendants' violations of 17 U.S.C.A. Section 1114 and is entitled to Defendants' profits, treble, and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a.    That Defendants, their agents and employees be enjoined from infringing Blue Q's copyrights in any manner, specifically those for the Subject Design;

b.    That Blue Q be awarded all profits of Defendants plus all losses of Blue Q, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 504 and/or 17 U.S.C. § 1203;

c.    That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the products at issue;

d.    That Blue Q be awarded its attorneys' fees as available under the 17 U.S.C. § 1203;

e.    That Defendants, and each of them, account to Blue Q for their profits and any damages sustained by Blue Q arising from the foregoing acts of infringement;

f.  That Blue Q be awarded pre-judgment interest as allowed by law;

g.  That Blue Q be awarded the costs of this action; and

h.  That Blue Q be awarded such further legal and equitable relief as the Court deems proper.

i.  Finding that Defendants have violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

j.  Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from advertising, marketing, promoting, supplying, distributing, offering for sale or selling skin care products or services with the Horse Illustration mark.

k.  Directing that Defendants account to and pay over to Blue Q all profits realized by their wrongful acts and directing that such profits be trebled in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

l.  Awarding Blue Q statutory damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

m.  Awarding Blue Q actual damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

n.  Awarding Blue Q costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

o.  Requiring Defendants to deliver to Blue Q for destruction or other disposition all remaining inventory or materials bearing the Infringing Mark, including all advertising, promotional and marketing materials therefor, as well as all means of making the same.

p.  Awarding Blue Q pre-judgment interest on any monetary award made part of the judgment against Defendants.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: June 24, 2025                **MUELLER HABERMAN LAW GROUP**

*/s/ Paul S. Haberman*

By:   _____
      Paul S. Haberman
      phaberman@muellerfirm.com
      88 Pine Street, 22nd Fl., NY, NY 10005
      19 Engle Street, Tenafly, NJ 07670
      Telephone: (201) 567-4969
      *Attorneys for Plaintiff*
      Blue Q, Inc.

      **DONIGER/BURROUGHS**

By:   */s/ Scott Alan Burroughs*
      Scott Alan Burroughs
      scott@donigerlawfirm.com
      247 Water Street, First Floor
      New York, New York 10038
      Telephone: (310) 590-1820
      *Attorneys for Plaintiff*
      Blue Q, Inc.
      *(Pro hac vice motion to be submitted)*